68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diego Angel OLVERA, aka "Taco," Defendant-Appellant.
 No. 94-30143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Diego Angel Olvera appeals his sentence after pleading guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. Sec. 846. He contends the district court erred when it: (a) calculated his sentence based on D-methamphetamine rather than L-methamphetamine; and (b) failed to elicit fully articulated objections following the imposition of sentence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's factual findings at sentencing for clear error. United States v. Dudden, Nos. 93-30389, 93-30390, slip op. 11507, 11525 (9th Cir. Sept. 13, 1995). The district court's finding of D-methamphetamine must be supported by a preponderance of the evidence. Id. In a "no dope" case, circumstantial evidence may be sufficient to determine which isomer is involved. Id. at 11526-27; see also United States v. Basinger, 60 F.3d 1400, 1410 (9th Cir. 1995).
 
 
 4
 On January 4, 1994, Olvera pleaded guilty to conspiracy to distribute methamphetamine. Olvera stipulated to forty-six grams of methamphetamine, but his plea agreement did not specify whether the drugs involved were D-methamphetamine or L-methamphetamine. No drugs were seized or tested as to the transactions to which Olvera admitted culpability. The government submitted three expert affidavits attesting to the general improbability of L-methamphetamine. At sentencing, relying at least in part on the expert affidavits, the district court found that the drugs attributed to Olvera were D-methamphetamine:
 
 
 5
 ... I think you can look to 33 years of experience of the DEA chemist[s] to determine that ... it isn't "l." I mean, it's so remote that it's just --- that would be speculation, the worst speculation to say it was "l" rather than it's "d." I just think the probability here beyond any question is that it is "d."
 
 
 6
 On March 15, 1994, over Olvera's objection, the district court sentenced Olvera based on D-methamphetamine to forty-six months in prison and three years of supervised release.
 
 
 7
 Expert affidavits attesting to the improbability of L-methamphetamine in general are insufficient to establish that the drugs attributed to the defendant were more likely than not D-methamphetamine. Dudden, slip op at 11528. In this case, however, circumstantial evidence in the record supports the district court's finding of D-methamphetamine. Cf. id. at 11526 (the only evidence in the record relating to the drugs actually involved and attributed to Dudden supported a finding of L-methamphetamine).
 
 
 8
 By pleading guilty to count one of the indictment, Olvera admitted the truth of the overt acts in furtherance of the conspiracy, including that Snider distributed methamphetamine to Holleman and Riggs before May 7, 1992. On May 7 and May 23, 1992, Olvera and James Crowder traveled in Crowder's vehicle from Missoula to Great Falls, Montana to purchase methamphetamine from Snider. On both dates, Snider referred them to Holleman. On May 7, 1992, at Holleman's residence, Olvera purchased half an ounce of methamphetamine from Sandra Riggs, Holleman's girlfriend. On May 23, 1992, at Holleman's residence, Olvera purchased one ounce of methamphetamine from Holleman. On both occasions, Olvera gave a small amount of methamphetamine to Crowder. Although Olvera reserved most of the methamphetamine purchased on these two dates for his own personal use, Olvera admitted selling some methamphetamine to Crowder but denied selling to any other person. Olvera estimated that he profited between five and fifteen hundred dollars from the May 7 and May 23, 1992 transactions.
 
 
 9
 We are satisfied that the record supports the district court's finding that the drugs attributed to Olvera were more likely than not D-methamphetamine: Olvera purchased the methamphetamine from the same supplier on two different occasions; Olvera used most of the methamphetamine himself; Crowder purchased methamphetamine from Olvera after Olvera had given Crowder small quantities of the drug at the time of the transactions; and Olvera realized a a sizeable profit from two transactions. See Dudden, slip op. at 11526-27 (circumstantial evidence may be sufficient to determine which isomer is involved); see id. at 11524 (D-methamphetamine produces the high desired by the drug's users whereas L-methamphetamine has little or no physiological effect).[1] Consequently, the district court did not clearly err when it sentenced Olvera based on D-methamphetamine. See United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.), cert. denied, 461 U.S. 936 (1983) (appellate court can affirm on any basis supported by the record).
 
 
 10
 Olvera cites an Eleventh Circuit case, United States v. Jones, 899 F.2d 1097 (11th Cir.), cert. denied, 498 U.S. 906 (1990), for the proposition that a district court commits reversible error when, following the imposition of sentence, it fails to elicit fully articulated objections to the court's ultimate findings of fact and conclusions of law. We find no error. Olvera acknowledges that the government and Olvera made "elaborate arguments" at sentencing concerning the issues presented by the presentence report. Olvera does not contend that the district court failed to consider any of those arguments.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At sentencing, the government argued in part that the drugs which Olvera purchased from Holleman on May 7 and May 23, 1992 were D-methamphetamine because Holleman was supplied by Snider and drugs seized from Snider in West Yellowstone, Montana on October 13, 1992 tested as D-methamphetamine. Olvera objects to consideration of the evidence of drugs seized from Snider on October 13, 1992. Because we conclude that the circumstantial evidence in the record other than evidence of the drugs seized from Snider on October 13, 1992 supports the district court's finding that the drugs which Olvera purchased from Holleman on May 7 and May 23, 1992 were D-methamphetamine, Olvera's objection is moot